UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
KRUM, LLC,

                        Plaintiff,

                                                    COMPLAINT

         -against-

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

                        Defendant.
-------------------------------------------------------------------------X

      Plaintiff, KRUM, LLC ("Plaintiff"), by and through the undersigned counsel, files this Complaint for breach of contract against Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST ("Defendant"), and as grounds therefore states as follows:

## <u>NATURE OF THE ACTION</u>

    1.      Plaintiff's complaint is for breach of contract.

    2.      Plaintiff fully paid the premium charged by Defendant for an insurance policy designed to cover losses for flood.

    3.      Defendant has underpaid on claims made for direct physical loss suffered by Plaintiff.

    4.      Plaintiff seeks damages as a result of Defendant's unreasonable and unfounded failure to pay for covered losses under its policy obligations.

## <u>PARTIES</u>

    5.      At all times herein mentioned and material hereto, KRUM, LLC was and is the owner of residential real property located at 295 Exeter Street, Brooklyn, New York 11235.

    6.      At all times herein mentioned and material hereto, KRUM, LLC was and is a duly authorized New York State Domestic Limited Liability Company doing business in the City of

New York, County of Kings, and the State of New York.

7.     At all times herein mentioned, Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST, was and is a private insurance company/association of insurance companies, organized and existing by virtue of the laws of the State of Indiana, and duly authorized to conduct the business of insurance in the State of New York, and to issue policies of insurance as described herein.

8.     At all times herein mentioned, Defendant was an agent of the Federal Emergency Management Agency ("FEMA").

9.     At all times herein mentioned, Defendant was an agent and/or otherwise under the auspices and control of FEMA.

10.     At all times herein mentioned, Defendant was an agent and/or otherwise under the auspices and control of FEMA with all duly available powers of agency.

11.     At all times herein mentioned, Defendant was an agent and/or otherwise under the auspices and control of FEMA and acting for and/or on behalf of FEMA.

12.     At all times herein mentioned, Defendant was authorized to issue policies of insurance to homeowners in the State of New York.

13.     At all relevant times hereinafter mentioned, Defendant was a "Write Your Own" ("WYO") Carrier participating in the National Flood Insurance Program, pursuant to the National Flood Insurance Act ("NFIA") as amended, 42 U.S.C. § 4001, et seq.  Defendant issued Standard Flood Insurance Policies in its own name, as a fiscal agent of the United States. Pursuant to C.F.R. Section 62.23 (d) and (i)(6), Defendant was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the policy.

14.     At all times herein mentioned, Defendant was and is authorized by the

2

Superintendent of Insurance of the State of New York to engage in the business of insurance in the State of New York and to issue policies of insurance, including the policy herein sued upon.

## JURISDICTION

15.     This action arises under the NFIA, Federal regulation and common law, and the flood insurance Policy that Defendant procured for and issued to Plaintiff in its capacity as a WYO carrier under the Act.  The Policy covered losses to Plaintiff's property, which is located in this judicial district.

16.     Federal courts have exclusive jurisdiction pursuant to 42 U.S.C. §4072 over all disputed claims under NFIA Policies, without regard to the amount in controversy, whether brought against the government or a WYO company.

17.     This court has original exclusive jurisdiction to hear this action pursuant to 42 U.S.C. §4072, because the insured property is located in this judicial district.

18.     This court also has original jurisdiction pursuant to 28 U.S.C. §1331, because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

## VENUE

19.     Venue is proper in this court pursuant to Title 28, U.S.C. §1391 and 42 U.S.C §4072 in that a substantial part of the events or omissions giving rise to this action occurred in this judicial district, and the property that is the subject of this action is situated in this judicial district.

## FACTUAL BACKGROUND

20.     In consideration of the insurance premium paid by the Plaintiff, Defendant issued to Plaintiff a National Flood Insurance Program Dwelling Form Standard Flood Insurance

Policy, Policy Number 87040663032012 (the "Policy"), effective September 27, 2012, through September 27, 2013, with respect to the building, premises and contents.  A copy of the Flood Policy Declarations is attached as Exhibit "A".

21.    The Policy provided indemnification for flood damages incurred to Plaintiff's residential real property located at 295 Exeter Street, Brooklyn, New York 11235   (the "Property").

22.    At all times mentioned herein, and prior to October 29, 2012, Plaintiff timely paid all premiums due on the Policy issued by Defendant.

23.    At all times relevant and on the date of October 29, 2012, the Plaintiff maintained an insurable interest in the premises, and it is and was the owner of the premises at all material times.

24.    At all times relevant and on or about October 29, 2012, while the Policy was in full force and effect, the Property was directly and physically damaged by floods resulting from Superstorm Sandy.

25.    The damage sustained to Plaintiff's premises was a covered loss under the Policy issued by Defendant.

26.    Defendant acknowledged coverage for this loss.

27.    As a result of this loss, the Property was deemed an unsafe area by the New York City Department of Buildings, and the insureds were ordered not to enter or occupy the Property.

28.    Plaintiff timely notified Defendant of the damage after October 29, 2012.

29.    Plaintiff provided Defendant with all requested documents and information needed for Defendant to investigate the loss.

30.    Plaintiff has cooperated with all reasonable and relevant requests made by

Defendant in its investigation of the loss.

31.     Plaintiff timely and sufficiently presented the claim to Defendant for the damages sustained and claimed under this Policy.

32.     Defendant, in response to Plaintiff's claim, has underpaid the claim.

33.     Defendant and its agents, adjusters, investigators, appraisers, and experts have inspected the demised premises and property and have had a full and fair opportunity to inspect and investigate the loss, the cause of loss and damages.

34.     The adjuster assigned by Defendant to Plaintiff's claim was Ryan McMichael, who informed the Plaintiff's representatives that he was an "independent" adjuster hired by Defendant, but he also admitted that the subject claim was the very first flood loss he had ever handled.

35.     The cost to repair the damage sustained to Plaintiff's Property exceeds the limits of coverage available pursuant to the Policy, yet Plaintiff has not been paid the full amount of coverage provided.

36.     On or about April 25, 2014, Plaintiff submitted a Proof of Loss to Defendant.

37.     On or about May 7, 2014, Defendant issued a letter denying any additional payment to Plaintiff for this loss.

38.     Defendant and/or its agents failed to properly adjust Plaintiff's claims and unreasonably denied payment of Plaintiff's entire claim.

39.     Defendant and/or its agents unreasonably delayed payment and processing of Plaintiff's entire claim, and caused Plaintiff to incur additional expenses by failing to respond to Plaintiff's numerous attempts to communicate with Defendant and/or its agents for approximately three (3) months after the Defendant's most recent adjustment was made.

40.     Defendant and/or its agents delayed payment of Plaintiff's claim by failing to settle Plaintiff's entire claim when they knew or should have known it was reasonably clear that the claim was covered.

## AS AND FOR THE CAUSE OF ACTION FOR BREACH OF CONTRACT

41.     Plaintiff hereby adopts and re-alleges the allegations contained within paragraphs 1-40 as if fully set forth herein.

42.     On or about October 29, 2012, Plaintiff's property suffered a loss caused by catastrophic flood damage resulting from Superstorm Sandy, a peril covered under the Policy provided by Defendant.

43.     The damages sustained and resulting losses were covered under the Policy, and no exclusions or policy conditions exist to bar coverage.

44.     Although Plaintiff has satisfied all conditions and obligations of the Policy, the Defendant has underpaid the claim for damages sustained.

45.     Defendant unreasonably delayed payment and processing of the claim by failing to respond to Plaintiff's attempts to communicate and resolve the claim for a period of approximately three (3) months, and failing to settle the claim when defendant knew or should have known it was reasonably clear that the claim was covered.

46.     The Plaintiff paid premiums to Defendant in exchange for insurance coverage of the premises.  Plaintiff expected to be wholly indemnified for the insured damages sustained to the premises.

47.     The cost to repair the damage sustained to Plaintiff's Property exceeds the limits of coverage available pursuant to the Policy, yet Plaintiff has not been paid the full amount of coverage provided.

48.    Defendant, thus, has breached its contract of insurance issued to Plaintiff.

49.    By reason of Defendant's agency relationship with FEMA, Plaintiff is entitled to recover attorney's fees as a prevailing party pursuant to the Equal Access to Justice Act, 28 USC §2412 (b).

50.    By reason of Defendant's breach of contract with Plaintiff, the Plaintiff has suffered financial damages.

51.    Defendant's failure to indemnify Plaintiff for its full loss as claimed constitutes a breach of contract.

52.    Plaintiff sustained damages by reason of Defendant's breach of its contractual obligations under the flood Policy.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, KRUM, LLC,  prays that this court enter judgment in favor of Plaintiff and against Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST, for all proceeds due under the insurance Policy in an amount to be determined at trial, reasonable attorney's fees and costs, and for such other and further relief as this court deems just and proper.

Dated June 6, 2014: New York, New York.

Respectfully Submitted,

Merlin Law Group, P.A.

By:/s/Christopher M. Nahas
    Christopher M. Nahas, Esq.
    New York Bar No.: 4328670
    Javier Delgado, Esq.
    New York Bar No.: 5127998
    100 Park Avenue
    16th Floor
    New York, NY 10017
    Ph: (212) 351-5017
    Fax: (212) 880-6499